Raymond J. Tittmann No. 191298
Patrick M. Laurence No. 228272
Isaac Walrath No. 317767
**TITTMANN WEIX LLP**
350 S. Grand Ave., Suite 1630
Los Angeles, California 90071
Phone: (213) 797-0630
rtittmann@tittmannweix.com
plaurence@tittmannweix.com
iwalrath@tittmannweix.com

Attorneys for Defendant
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE MILES,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.<br><br>**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA'S NOTICE OF REMOVAL**<br><br>Complaint Filed: March 15, 2022 |

TO THE COURT AND ALL ATTORNEYS OF RECORD:

Defendant AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("American Bankers") hereby give notice of the removal of this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.    REMOVAL IS TIMELY**

1.    On March 15, 2022, Plaintiff Lorraine Miles ("Plaintiff") filed her Complaint in the Superior Court of the State of California for the County of Napa, Case No. 22CV000282 (the "State Court Action"). The Complaint does not state a demand, does not state the total amount of damages that will be recovered at trial, and does not expressly allege damages exceeding $75,000, the minimum jurisdictional amount for purposes of

ascertaining diversity jurisdiction. Instead, the Complaint states that Plaintiff is allegedly owed policy benefits of "not less than $30,000." See Exhibit 1, Complaint 4:1. As such, the Complaint is an "indeterminate complaint" as to the amount in controversy. Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 693 (9th Cir. 2005); see also Trahan v. U.S. Bank National Association, 2014 WL 116606 (N.D. Cal. Jan. 13, 2014) (concluding plaintiff "did not expressly state that the amount in controversy would exceed" the jurisdictional amount and therefore plaintiff's pleadings were "'indeterminate' as to the amount in controversy.").

2. "[N]otice of removability under [section] 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. "[D]efendants need not make extrapolations or engage in guesswork" in order to determine whether a case is removable. Kuxhausen v. BMW Financial Servs. NA, LLC, 707 F.3d 1136, 1140 (9th Cir. 2013). This is true even when unquantified attorney fees and punitive damages are alleged in the initial pleading. "Because the complaint did not quantify punitive damages or fees in any manner, … defendant had no obligation to investigate or evaluate whether they would exceed $75,000." Lyon v. Gideon Toal Management Service, 2010 WL 11512224, at *4 (C.D. Cal. April 12, 2010). "[D]istrict courts routinely deny motions to remand … where a defendant would have to speculate regarding the amount in controversy … Holding otherwise would engender pleading gamesmanship whereby plaintiffs disguise their damages to avoid removal to federal court." Lopez v. Charter Communications, Inc., 2019 WL 763581, at *2.

3. Where, as here, the initial pleading does not trigger the first thirty-day period of removal, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To trigger this second 30-day removal period, "an amended pleading, motion, order, or other paper must make a ground for removal

*unequivocally clear and certain* before the removal clock begins under the second pathway of § 1446(b)(3)." Dietrich v. Boeing Company, 14 F.4th 1089, 1095 (9th Cir. 2021) (emphasis added). But even if this second period has not been triggered, the Ninth Circuit has held "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).

4. Here, on February 2, 2023, American Bankers was served by Plaintiff with a written settlement demand for the first time in advance of mediation. Plaintiff's demand exceeded this Court's jurisdictional amount by several orders of magnitude. This was the very first time American Bankers had received any statement from Plaintiff, written or oral, which expressly quantified Plaintiff's damages in excess of $75,000. Declaration of Patrick M. Laurence in Support of American Bankers' Notice of Removal ("Laurence Decl."), ¶ 4. A written settlement demand, provided before or during the course of mediation and exceeding the federal jurisdictional amount, triggers the 30-day removal period of 28 U.S.C. § 1446(b)(3). See Babasa v. Lenscrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (letter sent in anticipation of mediation containing estimate which exceeded the federal jurisdictional amount triggered 30–day window of removal in § 1446(b)(3)); Molina v. Lexmark Intern, Inc., 2008 WL 4447678 (C.D. Cal. Sept. 30, 2008) (concluding that defendant was obligated to file a notice of removal within 30 days of receiving a written statement of damages during mediation which exceeded jurisdictional amount). Because this Notice of Removal is being filed within 30 days of receiving Plaintiff's written settlement demand, removal is timely under 28 U.S.C. § 1446(b)(3).

5. Finally, a case removed on the basis of diversity jurisdiction is timely so long as it is not removed "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). Here, Plaintiff's Complaint was filed on March 15, 2022. As such, removal is timely under the one-year window of 28 U.S.C. § 1446(c)(1).

Case No. 3
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA'S NOTICE OF REMOVAL

6. A copy of all documents filed and served in the State Court Action are attached as **Exhibit 1** to this Notice.

7. This is a bad faith lawsuit arising from a water heater supply line leak at a mobile home in Napa County, California. American Bankers issued a homeowner's policy of insurance with replacement cost coverage to Plaintiff for the policy period of 1/18/22 to 1/18/23. Upon reporting the leak to American Bankers, Plaintiff admitted that she had been "out of town house sitting" and that the leak "has been happening over a few weeks". Likewise, the plumber who repaired the leak advised American Bankers' independent adjuster that the leak had been happening for "several months." At the time of discovery, the leak was of such longstanding duration that it had already caused water damage in multiple rooms throughout the mobile home, including the master bedroom, two other bedrooms, the laundry room, a hallway, and an HVAC closet. Accordingly, the claim was denied on the basis that, among other things, there was no "direct, sudden, and accidental loss of, or damage to" any covered property within the scope of the insuring clause of the policy. On March 15, 2022, Plaintiff filed a Complaint in Napa County Superior Court alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. Laurence Decl., ¶ 5.

## II. THE COURT HAS JURISDICTION OVER THIS MATTER

8. The present action is properly removable under 28 U.S.C. § 1441, which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending….

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States....

10. The United States District Court for the Northern District of California is the district embracing the location where the State Court Action is currently pending.

### A. The Amount in Controversy Exceeds $75,000

11. On February 2, 2023, American Bankers was served by Plaintiff with a written settlement demand in advance of mediation. The amount of the demand exceeded this Court's jurisdictional amount by several orders of magnitude. Laurence Decl., ¶ 4. A document reflecting a settlement demand in excess of the jurisdictional minimum constitutes "other paper" sufficient to provide notice that a case is removable and starts the thirty day window under § 1446(b). See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); see also Babasa, 498 F.3d at 975 (letter sent in anticipation of mediation containing estimate which exceeded the federal jurisdictional amount triggered 30–day window of removal in § 1446(b)(3)).

### B. There is Complete Diversity Between the Parties

12. Plaintiff alleges in her Complaint that she is a resident of Napa County in the State of California. (See Exhibit 1, Complaint 1:24-25). As such, Plaintiff is domiciled here.

13. American Bankers is a Florida Corporation with its principal place of business in Miami, Florida. See Laurence Decl., ¶ 6, Ex. B. *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (holding that a corporation's "principal place of business . . . refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' will typically be found at its corporation's headquarters."). American Bankers is not incorporated in the State of California nor does it maintain its principal place of business in the State of California. The majority of American Bankers' executive functions, productions activities, and operations occur in the State of Florida. Laurence Decl., ¶ 7.

### C. The Court has Diversity Jurisdiction Over This Matter

14. The amount in controversy exceeds $75,0000 and there is complete diversity of citizenship as between Plaintiff and Defendant. As such, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332(a).

## III. ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of American Banker's rights to assert any defense or affirmative matter, including but not limited to the defenses of (1) lack of personal jurisdiction, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join indispensable parties, (8) any other pertinent defense available under California or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise, or (9) arbitration.

16. American Bankers reserve the right to supplement this Notice by adding any jurisdictional defenses which may independently support a basis for removal.

17. This Notice, together with the additional documents required under the local rules, will be served on Plaintiff. Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Superior Court of California - County of Napa in which the State Court Action is filed.

WHEREFORE, American Bankers ask the Court to take jurisdiction of this action by issuing all necessary orders and process to remove this action from the Superior Court of California - County of Napa to this Court.

| | | |
|---|---|---|
| Dated: February 21, 2023 | | TITTMANN WEIX LLP |

By: _____
Raymond J. Tittmann
Patrick M. Laurence
Isaac Walrath

Attorneys for Defendant
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA